Gregory B. Collins (#023158)
Sean J. O'Hara (#024749)
Zachary R. Fort (#031643)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
sjo@kflawaz.com
zrf@kflawaz.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rillito River Solar LLC dba EcoFasten Solar, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>IronRidge Inc., a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Rillito River Solar LLC, doing business as EcoFasten Solar ("EcoFasten"), for its complaint against defendant IronRidge Inc., alleges as follows:

## NATURE OF THE ACTION

This is a patent infringement action. EcoFasten and IronRidge manufacture and market roof mounts for solar panels. In the relatively new residential solar panel market, Plaintiff EcoFasten is the market leader. EcoFasten has developed unique, novel, and innovative inventions that allow solar panels to be installed on roofs while avoiding roof leaks and roof degradation that are associated with other solar panel roof mounts.

1

EcoFasten holds U.S. Patents, issued as early as 2003, protecting its roof mount inventions.

Defendant IronRidge infringes at least two of EcoFasten's patents by making, using, selling, and offering to sell roof mounts that misappropriate EcoFasten's novel and innovative patented inventions. EcoFasten brings this action to enjoin IronRidge from infringing its patents and to recover damages adequate to compensate for infringement, including but not limited to a reasonable royalty, and treble damages for IronRidge's willful infringement. Further, IronRidge should be made to disgorge its illegal profits made through infringing EcoFasten's patents.

## PARTIES

1.     EcoFasten is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

2.     IronRidge is a California corporation with its principal place of business in Alameda Costa County, California.

## JURISDICTION

3.     This Court has subject matter jurisdiction over EcoFasten's claims under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement and arises under the patent laws of the United States, Title 35, Sections 271 *et seq.* of the United States Code.

4.     IronRidge ships and sells products nationwide, including in Arizona.

5.     IronRidge advertises its products nationwide, including in Arizona.

6.     IronRidge maintains multiple sales offices, including one in Tempe, Arizona. The Tempe, Arizona office is a regular and established place of business.

7.     As a result, this Court has personal jurisdiction over IronRidge.

8.     Venue is proper in this district under 28 U.S.C. § 1400 because IronRidge has committed acts of infringement in this District and IronRidge has a regular and established place of business in this District.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## FACTS

**EcoFasten's principal invents novel roof mounts for snow guards and solar panels.**

9. In the 1990s, Brian C. Stearns was a roofer specializing in slate roofs, working primarily in New England.

10. Mr. Stearns frequently installed snow guards on roofs to prevent snow from falling off roofs in large quantities, which can cause property damage and personal injury.

11. Installation of snow guards typically involves drilling holes in the roof in order to mount the guard. Holes naturally increase a roof's susceptibility to leaks.

12. Mr. Stearns observed a need for a new kind of roof mount that would be substantially leak proof. He began experimenting with possible solutions.

13. In the mid-2000s, solar panel installers started calling Mr. Stearns to ask if his roof mounts and flashings could be used for installing rooftop solar arrays.

14. Meanwhile, Mr. Stearns continued to innovate superior roof mounts for snow guards and solar panels.

15. Mr. Stearns worked with Douglas Lounsbury to develop a new roof mount iteration. This invention includes in relevant part (but is not limited to): a roof mounting system, comprising: (1) flashing defining a first projection and a second projection, wherein the second projection is within the first projection, and wherein a first aperture is defined through the second projection; (2) a support plate installable within and configured to support the flashing at the first projection, wherein the support plate includes a second aperture that is alignable with the first aperture; (3) a bracket positionable on the flashing and configured to contract the first projection and at least partially surround the second projection, wherein a third aperture is defined in the bracket; (4) a washer installable on the bracket; and (5) a fastener installable through the washer, the first aperture, the second aperture, and the third aperture and configured to compress the washer, flashing, support plate, and bracket against one another.

16. Mr. Stearns and Mr. Lounsbury's invention is described in the duly and legally issued U.S. Patent No. 9,774,292 (the "'292 Patent").

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

3

17. The '292 Patent has been validly assigned to EcoFasten.

18. Mr. Stearns and Mr. Lounsbury also developed another new roof mount iteration. This invention includes in relevant part (but is not limited to): a flashing system, comprising (1) flashing including a raised portion and a projection, wherein a first aperture is defined through the projection; (2) a support plate installable beneath the raised portion and configured to support the raised portion, the support plate including a second aperture that is configured to align with the first aperture; (3) a bracket configured to at least partially surround the projection, the bracket including a third aperture aligned with the first aperture and the second aperture; and (4) a fastener installable through the first aperture, the second aperture, and the third aperture.

19. Mr. Stearns and Mr. Lounsbury's invention is described in the duly and legally issued U.S. Patent No. 9,793,853 (the "'853 Patent").

20. The '853 Patent has been validly assigned to EcoFasten.

21. EcoFasten currently manufactures and sells products embodying its novel and innovative patented inventions. These products are virtually marked with applicable patent numbers and "Patent Pending," providing notice to the public (including defendant IronRidge) of EcoFasten's patented inventions.

**IronRidge infringes the '292 Patent.**

22. IronRidge is a competitor of EcoFasten.

23. Until recently, IronRidge was a customer of EcoFasten, selling EcoFasten products in conjunction with IronRidge's other products and services.

24. Among IronRidge's products is the FlashFoot2.

25. The FlashFoot2 uses all of the same elements as the apparatus patented in the '292 Patent, including (but not limited to) the fact that it is a roof mounting system, comprising: (1) flashing defining a first projection and a second projection, wherein the second projection is within the first projection, and wherein a first aperture is defined through the second projection; (2) a support plate installable within and configured to support the flashing at the first projection, wherein the support plate includes a second

4

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

aperture that is alignable with the first aperture; (3) a bracket positionable on the flashing and configured to contract the first projection and at least partially surround the second projection, wherein a third aperture is defined in the bracket; (4) a washer installable on the bracket; and (5) a fastener installable through the washer, the first aperture, the second aperture, and the third aperture and configured to compress the washer, flashing, support plate, and bracket against one another.

## IronRidge infringes the '853 Patent

26. IronRidge is a competitor of EcoFasten.

27. Until recently, IronRidge was a customer of EcoFasten, selling EcoFasten products in conjunction with IronRidge's other products and services.

28. Among IronRidge's products is the FlashFoot2

29. The FlashFoot2 uses all of the same elements as the apparatus patented in the '853 Patent, including (but not limited to) the fact that it is a flashing system, comprising (1) flashing including a raised portion and a projection, wherein a first aperture is defined through the projection; (2) a support plate installable beneath the raised portion and configured to support the raised portion, the support plate including a second aperture that is configured to align with the first aperture; (3) a bracket configured to at least partially surround the projection, the bracket including a third aperture aligned with the first aperture and the second aperture; and (4) a fastener installable through the first aperture, the second aperture, and the third aperture.

## COUNT ONE: INFRINGEMENT OF THE '292 PATENT

30. EcoFasten incorporates by reference the previous allegations in the complaint.

31. The '292 Patent is valid and enforceable.

32. IronRidge has, without authority, consent, right, or license, and in direct infringement of the '292 Patent, made, used, offered for sale, and/or sold apparatus protected by the '292 Patent.

33. IronRidge has actual notice of the '292 Patent. This notice was provided on the virtual marking for each and every EcoFasten product that embodies the patented invention. Despite having notice of the Patent, IronRidge continues to manufacture and sell its infringing products. IronRidge's infringing conduct is therefore: willful, intentional, unlawful and, upon information and belief, will continue unless enjoined by this Court.

34. EcoFasten has no adequate remedy at law for the harm caused by IronRidge's acts.

35. EcoFasten has suffered monetary damages in an amount to be proven at trial.

36. EcoFasten is entitled to the assessment of a reasonable royalty for IronRidge's use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

### COUNT TWO: INFRINGEMENT OF THE '853 PATENT

37. EcoFasten incorporates by reference the previous allegations in the complaint.

38. The '853 Patent is valid and enforceable.

39. IronRidge has, without authority, consent, right, or license, and in direct infringement of the '853 Patent, made, used, offered for sale, and/or sold apparatus protected by the '853 Patent.

40. EcoFasten has no adequate remedy at law for the harm caused by IronRidge's acts.

41. EcoFasten has suffered monetary damages in an amount to be proven at trial.

42. EcoFasten is entitled to the assessment of a reasonable royalty for IronRidge's use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

### JURY DEMAND

EcoFasten requests a trial by jury on all issues so triable.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

6

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## PRAYER FOR RELIEF

WHEREFORE, EcoFasten prays for relief and judgment against IronRidge, as follows:

A.    For a judicial determination and a declaration that the '292 Patent and the '853 Patent are valid and enforceable;

B.    For a preliminary and then permanent injunction issued against IronRidge, its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of IronRidge, or in active concert, participation, or combination with them, including customers and distributors, prohibiting IronRidge from:

      i.    Continuing acts of infringement of the '292 Patent and/or the '853 Patent;

      ii.   Making, using, selling, and/or importing infringing products, to include any colorable imitation thereof; and

      iii.  Otherwise infringing up the '292 Patent and/or the '853 Patent.

C.    A judicial determination and a declaration that IronRidge has infringed the '292 Patent and the '853 Patent under 35 U.S.C. § 271, and final judgment incorporating the same;

D.    That an Order issue from this Court requiring IronRidge, its officers, agents, servants and employees, to deliver up to this Court for destruction all articles and materials infringing upon the '292 Patent and/or the '853 Patent and all materials for reproducing such infringing products;

E.    That IronRidge be required to file with the Court within thirty (30) days after entry of an injunctive order or final judgment a written statement under oath setting forth the manner in which IronRidge has complied with the order or final judgment;

F.    Awarding EcoFasten its damages sustained due to IronRidge's infringement of the '292 Patent and/or the '853 Patent;

G. In the alternative, ordering IronRidge to pay EcoFasten all profits, gains, and advantages IronRidge has received or obtained from their unlawful conduct, in an amount to be determined at trial;

H. In the alternative, that a reasonable royalty for IronRidge's infringement be awarded to EcoFasten pursuant to 35 U.S.C. § 284;

I. That, due to IronRidge's willful infringement, IronRidge be ordered to pay EcoFasten treble damages and EcoFasten's reasonable attorneys' fees and experts' fees pursuant to 35 U.S.C. § 285;

J. An award of the costs of this action, including pre- and post-judgment interest, pursuant to 35 U.S.C. § 284; and

K. For such other and further relief as this Court deems necessary, just and proper under the circumstances.

DATED this 6th day of December, 2017.

KERCSMAR & FELTUS PLLC

By: *s/ Zachary R. Fort*
Gregory B. Collins
Sean J. O'Hara
Zachary R. Fort
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Attorneys for Plaintiff

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

8